ORME, Judge
(concurring):
128 I concur in the court's opinion. I write separately to share my perspective on the scope of the trial court's charge on remand. The trial court has already conelud-ed-and appropriately so on this record-that a valuable benefit was conferred on Hyatt by the Wilbergs in the form of the installed sprinkler systems. The trial court declined to order restitution of the value of the benefit conferred only because the Wil-bergs did not allocate amounts expended as between the two properties and, perhaps, because the Wilbergs were "not out any cash." The lead opinion suggests that it is not clear whether in making this comment, the trial court was making a gratuitous observation or stating something germane to its resolution of the case. See supro 125. I assume it was the latter, but it does not *1260 really matter. Either way, as the lead opinion correctly concludes, this factor is legally irrelevant.
{29 In the classic law school example, if I misunderstand a comment you make, and as a result set about to paint your fence, and you watch me do it and fail to intercede, I will ordinarily be entitled to a monetary award. Otherwise you would be unjustly enriched, even if it is concluded that we did not have a contract. You will owe me the value of the benefit I conferred on you. That amount will be very minimal if you had recently had the fence repainted and my work was essentially unnecessary. If your fence was in desperate need of painting, you will owe me either the going rate of a quality paint job, assuming I did quality work, or the amount by which the value of your property increased as a result of my work. See generally D. Dobbs, Remedies § 4.1, at 228 (1978) ("Slome measurement problems in restitution cases merely present the court with a choice of two measurements, but it is clear that the plaintiff is entitled to one of them. For instance, if the plaintiff performs services on the defendant's land, and seeks restitution therefor, there may be an option to award the value of the plaintiffs services in the labor market for such services, or the increased value of the land. In such a case there may be no doubt that the plaintiff is entitled to restitution ...; the only issue is the standard by which [the] benefit is to be measured."). But the restitution award will not be affected by whether I used paint that I got for free from my brother or paint that I ordered from an out-of-state paint dealer and which was shipped to me via overnight express. My out-of-pocket expense will be very different in each scenario but that is irrelevant to calculating the value of the benefit I conferred on you when I painted your fence.
130 We have set the record straight on both points. The installation of sprinkler
systems on both ranches conferred a benefit on Hyatt, so it was unnecessary for the Wil-bergs to limit their proof to the Rock Canyon Ranch. And whether or not the Wilbergs were out any money is legally irrelevant. Accordingly, it is clear to me that, on remand, an open-ended reconsideration of the Wilbergs' unjust enrichment claim is not in order. Rather, the court should proceed to fix the amount of a restitution award in favor of the Wilbergs, calculated with reference to the value of the benefit conferred on Hyatt by reason of the installation of the sprinkler systems by the Wilbergs.[1]

. 'The restitution claim stands in flat contrast to the damages action in this respect. The damages recovery is to compensate the plaintiff, and it pays him, theoretically, for his losses. The restitution claim, on the other hand, is not aimed at compensating the plaintiff, but at forcing the defendant to disgorge benefits that it would be unjust for him to keep." D. Dobbs, Remedies § 4.1, at 224 (1973) (footnote omitted). That said, "[rlestitutionary recoveries often amount to about the same as the plaintiff's losses, and thus serve many of the compensatory purposes served by a damages recovery." Id.